IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,788-03






EX PARTE DOYLE SHERMAN ARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F33777 IN THE 249TH DISTRICT COURT


FROM JOHNSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault with a deadly weapon and sentenced to forty years' imprisonment. The Tenth Court of
Appeals affirmed his conviction. Doyle Sherman Ard v. State, No. 10-00-283-CR, (Tex. App.-Waco
2002). 

 Applicant raises numerous grounds in his application, including that his trial counsel
rendered ineffective assistance by failing to investigate the crime scene, failing to employ expert
witnesses, failing to file pretrial motions, informing the jury during voir dire and opening statements
that Applicant had two prior convictions, playing for the jury a taped interview of Applicant with
a reference of a prior assault conviction involving a weapon, and failing to allow Applicant to testify
in his own defense. 

 Applicant also contends that his appellate counsel rendered ineffective assistance of counsel
by failing to properly prepare and urge a motion for new trial.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). Both trial
and appellate counsel have filed affidavits in response to Applicant's allegations. However, this
Court feels that the affidavits do not completely address the substance of Applicant's claims. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient for failing to investigate the crime scene, failing to employ expert witnesses,
failing to file pretrial motions, informing the jury during voir dire and opening statements that
Applicant had two prior convictions, playing for the jury a taped interview of Applicant with a
reference of a prior assault conviction involving a weapon, and failing to allow Applicant to testify
in his own defense and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings of fact as to whether the performance of Applicant's appellate attorney
was deficient for failing to properly prepare and urge a motion for new trial and failing to investigate
possible juror misconduct and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 15, 2006

Do not publish